PER CURIAM.
State appeals an order granting a motion to suppress evidence. We reverse and remand.
Appellee, Patrick Joseph Simm, was arrested and charged with possession of cocaine found during a search of his car. Claiming that the search was illegal, appel-lee sought to exclude the cocaine. The State claimed that the evidence was seized after appellee voluntarily consented to the search.
During the hearing on appellee’s motion to suppress, the State presented the deposition of three police officers present when the alleged consent was given. Appellee presented no testimony or affidavits, and the sole evidence before the court on the motion to suppress was the uncontradicted depositions of the officers.
The trial court found that the initial stop of appellee was illegal and granted the motion to suppress. The trial court never addressed the voluntariness of appellee’s consent to search.
Any taint arising from the prior unlawful seizure, would be dissipated by a voluntary consent to search. See Gribeiro v. State, 513 So.2d 1323 (Fla. 3d DCA 1987). Because the only evidence before the court was the uncontroverted assertions of the officers that appellee voluntarily consented to the search after being advised of his right to refuse, we find that the consent was voluntary and the evidence seized admissible.
*111 Reversed and remanded for further proceedings consistent with this opinion.